Dear Mr. Creed:
On behalf of the G.B. Cooley Hospital Service District of Ouachita Parish ("District"), you requested an Attorney General's opinion regarding the reimbursement of certain costs incurred by an employee in the defense of criminal charges. You indicate that the District's former CEO/Hospital Director was arrested on or about November 11, 2004, for alleged cruelty to the infirmed. The allegations submitted by affidavit to procure an arrest warrant clearly arose out of the employee's official duties as CEO/Hospital Director. The employee incurred costs in defending this action, including the premium the employee paid for a surety bond, which was posted to procure her release from pretrial detention after the arrest. The Fourth Judicial District Attorney, Jerry L. Jones, has recently declined prosecution of the charge against the employee.
You state that you are aware of opinions of our office stating that it is permissible for a public body to reimburse an officer of that body for costs of defense in connection with a criminal charge, arising out of the officer's official duty, when the charge is resolved in that officer's favor. You question whether the District may reimburse its employee for the premium she paid for a surety bond, which was posted to procure her release from pre-trial detention, after her arrest on a charge arising from her official duties, when prosecution of the charge for which she was arrested has been declined by the District Attorney.
This office has consistently opined that if a public official or employee has been the subject of an investigation and/or prosecution of criminal charges arising out of the performance of the official functions of his office or employment, and the employee is exonerated, or the prosecution results in acquittal or dismissal or is quashed, then the public body that employs that person may pay the reasonable attorney's fees and expenses that result from the defense against the charges. Attorney General Opinion Nos. 04-0133, 99-180, 97-117, 96-95, 94-384, 93-376, 91-474, 89-110, 85-822 and 79-349. *Page 2 
None of our prior opinions have addressed the question of repayment of surety bonds. We note that R.S. 13:5108.1, et seq. limits the reimbursements to only legal fees and expenses for state officers and employees. However, there is no such limitation with respect to officers and employees of political subdivisions. The only limitation on reimbursements paid by the District is Article VII, Section 14 of the Louisiana Constitution, which provides, in pertinent part, the following:
 "Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
The reimbursement of expenses incurred by an officer or employee, due to the performance of the official functions of his office or employment, does not appear to be a donation of public funds. Therefore, it is the opinion of our office that the District may reimburse its employee for the premium she paid for a surety bond, which was posted to procure her release from pre-trial detention after her arrest, provided the charge arose from her official duties, and the prosecution of the charge for which she was arrested has been declined by the District Attorney.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 By: _________________________________ KENNETH L. ROCHE, III Assistant Attorney General